IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. DEMOS | ) | CASE NO. 3:10CV0955 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* John R. Demos, incarcerated in the Stafford Creek Correctional Center ("SCCC") located at Aberdeen, Washington, filed this action under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 28 U. S. C. § 2671 *et seq*. The Defendants are the United States of America and the State of Washington.

Plaintiff alleges that he is the Founder, Owner, Chief Operating Officer and Chairman of the Society of the T.R.U.T.H. ("Society"), a religious order. The Board of Directors is comprised of the "Elite of the U.S.A. and some of the most influential people in the world." He asserts that prison officials refuse to allow the Society to function. Plaintiff requests that this Court order the SCCC to allow the Society to function, flourish and exist unimpeded, unrestrained, or unharassed. In addition, he wants damages in the amount of $1,000.000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The website of the SCCC, www.doc.wa.gov, shows that it is a Washington State Prison. The United States has no involvement in its operation or policy. It was made a party because Plaintiff asked the government to intervene and investigate without success. Such reasoning does not give rise to a cause of action. Therefore, the United States it is not a proper party to this action.

The State of Washington was sued for the same reason as the United States. The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890). The State of Washington has not consented to suit in federal court. *Wright v. Washington,* 2010 WL597471 * 2 (W.D. Wash., Feb. 16, 2010) (citing *Edgar v. State*, 595 P.2d 534 (1979).

Moreover, prison officials, not parties to this action, are responsible for prison policies. There is no explanation why an action against the State of Washington was filed in the United States District Court for the Northern District of Ohio. In making the determination of whether personal jurisdiction exists over a nonresident defendant the court must apply the law of the forum state, i.e., Ohio's long-arm statute, R.C. § 2307.382, and whether the exercise of personal jurisdiction meets constitutional limits of due process. *Calphalon Corp. v. Rawlette,* 228 F.3d 718, 721 (6th Cir. 2000). Both tests must be satisfied.

> Ohio's long-arm statute, R.C. 2307.382, provides:
> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

*7 (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state a the time of contracting.

Plaintiff has failed to allege any facts to show that the requirements of the statute are met.

Lack of personal jurisdiction is an affirmative defenses that may be waived by the defendants pursuant to Fed.R.Civ.P. 12(h)(l). Thus, the Complaint would likely be subject to dismissal under Fed.R.Civ.P. 12(b)(2)on the grounds of lack of personal jurisdiction. In *Gueye v. Thomas M. Cooley Law School,* 2008 WL 618640 *  2 (S.D. Ohio, Feb. 29, 2008)) (S.D.Ohio,2008), the district court

noted that it had the authority to consider this issue *sua sponte. Id.* (citing *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 903-04 (6th Cir.2006), *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999), and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). In any event, there are no allegations, even liberally construed, reasonably suggesting Plaintiff might have a valid federal claim against the State of Washington in the Northern District of Ohio. In the interest of judicial economy, this action is dismissed.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date:  July 2, 2010            **S/James G. Carr**
                               JUDGE JAMES G. CARR
                               UNITED STATES DISTRICT JUDGE